**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HAROLD DAVEY CASSELL                                                                    PLAINTIFF
ADC # 073885

v.                                            5:14CV00403-DPM-JJV

CORRECT CARE SOLUTIONS, LLC
and CORIZON, INC.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.
Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection is
to a factual finding, specifically identify that finding and the evidence that supports your objection.
An original and one copy of your objections must be received in the office of the United States
District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted)
was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

### DISPOSITION

## I.  INTRODUCTION

Harold Davey Cassell ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He alleges that Corizon, LLC[1] and Correct Care Solutions, LLC ("Defendants") have exhibited deliberate indifference to his serious medical needs. (Doc. No. 1.) Specifically, Plaintiff suffers from Hepatitis-C and contends that Defendants failed to treat his condition with the drugs Victrelis and Incivek when both were approved by the Food and Drug Administration in 2011. (*Id*. at ¶¶ 12-15.) He claims Defendants were also deliberately indifferent when they failed to administer the drugs Olysio and Savaldi, which were approved in 2013. (*Id*. at ¶¶ 23-26.) Defendants have now motioned for summary judgment (Doc. No. 27) and Plaintiff has responded (Doc. No. 32).

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

---

[1]This Defendant is currently listed as "Corizon, Inc" on the docket. The Clerk shall alter the listing to reflect the appropriate name.

321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in

a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the

existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a

reasonable jury to return a verdict for either party; a fact is material if its resolution affects the

outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary

judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Defendants raise three arguments in support of their Motion for Summary Judgment.  First,

they argue that Plaintiff failed to exhaust his administrative remedies against Defendant Correct Care

Solutions prior to filing this suit.  Second, they contend that Defendants, both of whom are

corporations, cannot be held liable for the alleged misconduct of their employees pursuant to a theory

of *respondeat superior*.  Finally, Defendants argue that Plaintiff has now been provided with

Havaroni, one of the newest drug treatments for Hepatitis-C, and that he suffered no injury as a result

of any delay in treatment.   For the reasons stated hereafter, I conclude that Defendants' Motion

should be granted.

### A.      Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance

procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199,

3

202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Here, Plaintiff's claims are governed by Administrative Directives 12-16 and 14-16. The relevant procedures for medical grievances are consistent across both directives, which require an inmate who believes he has been wronged to file an informal resolution. (Doc. No. 28-2 at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the Health Service Administrator, and then, if desired, from an ADC Deputy, Chief Deputy, or Assistant Director. (*Id.* at 8-11.) Inmates must be specific as to their issues and any personnel involved. (*Id.* at 5-6.)

Defendants state that Correct Care Solutions did not begin their contract with the ADC until January 1, 2014. (Doc. No. 29 at 9.) Plaintiff does not appear to dispute this assertion. From January 1, 2014, until this suit was filed on October 30, 2014, Plaintiff filed thirteen medical grievances.[2] (Doc. No. 28-4 at 1-2.) After review of these grievances, I conclude Plaintiff failed to properly exhaust the claims which he now brings against Correct Care Solutions. Notably, none of the grievances makes any reference to Victrelis, Incivek, Olysio, or Savaldi, the drugs which Plaintiff

---

[2]The affidavit of Medical Grievance Coordinator Shelly Byers notes, however, that only twelve of these grievances were actually exhausted. (Doc. No. 28-4 at 1.) She states that Plaintiff failed to fully appeal grievance CU-14-01567. (*Id.*)

now alleges should have been administered to him.  Instead, the grievances raise various issues which are not relevant to this case: (1) CU-14-00162 complained of anal bleeding, possibly related to hemorrhoids, and alleged that the medication prescribed for this ailment had been ineffective; (2) CU-14-00255 complained that non-party Lasonya Griswold found no need for a medical follow-up despite a diagnostic result indicating that Plaintiff's platelet levels had dropped; (3) CU-14-00477, CU-14-00536, and CU-14-00803 each complain about non-party Laura Morgan's failure to adhere to ADC grievance policy; (4) CU-14-00804 complains that Plaintiff was not afforded an opportunity to discuss the results of a colonoscopy with medical staff; (5) CU-14-00805 and CU-14-00850 allege that Correct Care Solutions and unit medical staff denied him a follow-up with an outside specialist to discuss various medications which that specialist had prescribed; (6) CU-14-00932 and CU-14-01045 allege that non-party Dana Peyton was untruthful in her responses to Plaintiff's earlier grievances; (7) CU-14-01514 asks for the results of a blood test; and (8) CU-14-01515 complains that he has not received boots which medical staff indicated would be prescribed for him. (Doc. No. 28-3 at 4-45.)

For his part, Plaintiff argues that some of the medical conditions raised in the grievances, most notably the anal bleeding, are "extraheptic manifestations" and therefore related to Plaintiff's Hepatitis-C.  (Doc. No. 32-3 ¶¶ 2-3, 7-8.)  Accepting this argument as true, Plaintiff still failed to raise the issues which underlie this case, namely whether Correct Care Solutions was deliberately indifferent in failing to prescribe certain drugs to combat his Hepatitis-C.  Plaintiff also contends that those grievances which raise issues of inadequate procedure are indicative of an effort by Correct Care Solutions to "cause external impediment" and "deny prisoners due process to the grievance procedure." (*Id*. ¶¶ 5-6.)  These arguments are unsupported by any substantive evidence.  Moreover, even if prison staff failed to respond adequately or truthfully to Plaintiff's grievances, there is no

5

indication that anyone prevented Plaintiff from grieving and exhausting the claims he raises in this suit.  Finally, Plaintiff states that he apprised Correct Care Solutions of his situation by way of a letter sent by his counsel to the Regional Director.  (Doc. No. 32-3 at 36.)  This communication was not part of the official grievance procedure, however, and cannot substitute for a properly exhausted grievance.

Based on the foregoing, I recommend that Defendant Correct Care Solutions be dismissed for failure to exhaust administrative remedies.

B.     Plaintiff's Eighth Amendment Claims[3]

As noted above, Defendants advance two arguments with respect to Plaintiff's Eighth Amendment claims.  First, they argue that Plaintiff failed to identify any policy of Defendant Corizon which caused the alleged violation of his rights.  Second, they contend that Plaintiff was not harmed by the failure to administer the drugs mentioned in his Complaint.  I find that both arguments have merit.

It is settled law that a corporate defendant can be liable under section 1983 only where "there was a policy, custom, or official action that inflicted an actionable injury."  *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).   A corporation cannot be held responsible for its employees' constitutional misconduct by way of *respondeat superior*.  *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993).  Here, Plaintiff has failed to identify any relevant policy of Corizon which caused a violation of his rights.  He references Corizon's decision to abide by the Federal Bureau of Prisons clinical practice guidelines, but makes no convincing argument that this policy

---

[3]Since I have concluded that Plaintiff failed to exhaust against Defendant Correct Care Solutions, I will only consider these arguments with respect to Defendant Corizon. *See Barbee v. Correctional Medical Services*, 394 Fed. Appx. 337, 338 (2010) ("Once the court determined that the claims were unexhausted, it was required to dismiss them without prejudice.").

was the cause of his alleged injury.  (Doc. No. 32-1 at 3.)[4]

Additionally, Plaintiff is now receiving the drug Havaroni which, he concedes, is the best available treatment for his Hepatitis-C.  (Doc. No. 32-3 ¶ 36.)  Therefore, in order to recover under a theory of medical deliberate indifference, he must establish that the delay in providing the best available drug[5] resulted in some discernable injury to his health.  *See Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (holding that a plaintiff who alleges a delay in medical treatment must provide medical evidence which establishes the detrimental effect of that delay).  For their part, Defendants provide the affidavit of Dr. Robert Floss who attests that Plaintiff's treatment for Hepatitis-C has been medically appropriate at all times relevant to this suit.  (Doc. No. 28-8 at 3.)  Dr. Floss also states that Plaintiff's prognosis was not adversely affected by any alleged delay in drug treatment.  (*Id.* at 4.)

Plaintiff states he has suffered injury from the delay.  Specifically, he testified that he suffers from an enlarged spleen, esophageal varices, and joint pain.  (Doc. No. 28-6 at 55-56, 63-65.)  Plaintiff has not provided any medical evidence which directly attributes these conditions to a delay in Hepatitis-C drug treatment or which establishes that his prognosis was adversely affected by a delay, however.  Dr. Floss has opined that the enlarged spleen and esophageal varices are likely to completely resolve with the current Havaroni treatment.  (Doc. No. 28-8 at 4.)  Dr. Floss also states

---

[4]Plaintiff also references Defendant Correct Care Solution's adoption of an "algorithm" to determine whether certain Hepatitis-C treatments ought to be pursued.  (Doc. No. 32-3 ¶27.)  It is unclear whether Corizon followed a similar algorithm.  Regardless, Plaintiff does not allege the algorithm was itself an unconstitutional policy.  Instead, he alleges that Correct Care Solutions declined to follow its own algorithm in the present case.  (*Id.* ¶¶ 32-34.)  Plaintiff provides no convincing evidence indicating that this alleged failure was an official decision or custom of the corporation.

[5]Plaintiff contends that the best available drug in December 2013 and January 2014 was Sovaldi and the best available in 2011 were Telaprevir and Boceprevir.  (Doc. No. 32-3 ¶ 36.)

that Plaintiff's joint pain is more likely attributable to his age and weight than any delay in treatment. (*Id.*)

Finally, Plaintiff argues that Dr. Floss's affidavit should be accorded little weight because he is an employee of Correct Care Solutions. (Doc. No. 32-1 at 3-4.) I disagree. In order to survive summary judgment, the non-moving party must establish the existence of a genuine issue of fact. *See Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). Here, Plaintiff has failed to provide his own verified medical evidence or expert affidavit which contradicts the professional opinion of Dr. Floss. Plaintiff cannot create a genuine issue of fact simply by raising an unsubstantiated allegation of bias. If the actual substance of Dr. Floss's testimony is faulty, Plaintiff must provide evidence indicating as much.[6] *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.     The Clerk shall alter the docket to reflect that "Corizon, Inc." is appropriately "Corizon, LLC".

2.     Defendants' Motion for Summary Judgment (Doc. No. 27) be GRANTED.

3.     Defendant Correct Care Solutions, LLC be DISMISSED without prejudice for failure to exhaust administrative remedies.

4.     Defendant Corizon, LLC be DISMISSED with prejudice.

---

[6]If Plaintiff is in possession of such evidence, he may include it in his objections to this recommendation.

IT IS SO RECOMMENDED this 10th day of September, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE